IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KRISTEL, INC., | ) | CIVIL ACTION NO. 3:16-CV-181 |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CENVEO CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant's motion to enforce settlement. (ECF No. 23.) The issues have been fully briefed (*see* ECF Nos. 24, 25), and the motion is ripe for disposition. For the reasons that follow, Defendant's motion will be **GRANTED in part and DENIED in part.**

### II. Jurisdiction

The Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Venue is proper pursuant to 28 U.S.C. § 1391.

### III. Background

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Blair County, Pennsylvania, on July 15, 2016. (ECF No. 1.) Defendant removed the case to this Court on August 8, 2016. (*Id.*)

Plaintiff leased commercial property to Defendant. After Defendant defaulted on its lease, Plaintiff brought suit to accelerate rent and confess judgment pursuant to the written commercial

lease agreement (the "Lease Agreement"). (*See* ECF No. 1, exhibit 3.) Plaintiff sued to enforce Article XV of the Lease Agreement, titled "Default by Lessee." The relevant paragraph reads:

> "LESSOR may, at its option while such default or violation of covenant or condition continues, declare all the rent reserved for the full term of this Lease remaining due and payable at once; and LESSEE does hereby empower any attorney of any Court of Record in the State of Pennsylvania, or elsewhere to appear for it and waive the issuance and service of process and confess a judgment against it for the whole or any part of said rent and thereafter to release all errors and warrant all rights of appeal and stay of execution. The initial exercise or use of this warrant of attorney shall not exhaust the same, but the same may be used and exercised without limitation as often as necessity for the use of the same may arise. The exercise or use of this warrant of attorney shall not prevent LESSOR from subsequently terminating this Lease, by giving Notice to LESSEE of its election to do so, and upon its tender to LESSEE of a sum equal to the amount, if any, paid by the LESSEE for rents accruing after the date of termination."

After the case was removed to this Court (*see* ECF No. 1, exhibit 1), Defendant filed a motion to dismiss and a brief in support. (ECF Nos. 4, 5.) While Defendant's motion to dismiss was pending, the parties underwent mediation and executed a Post-Mediation Settlement Agreement (the "Settlement Agreement") on November 1, 2016. (*See* ECF Nos. 19, 20.) This Court marked the case administratively closed on November 2, 2016. (ECF No. 20.)

The Settlement Agreement provides that the parties will "enter into an Addendum to the 5th Amendment to Lease which will address rent penalty; ADR; and eliminate the confession of judgment provisions and the... arbitration provisions." (*See* ECF Nos. 24, 26.)[1] The Settlement Agreement also contains a graduated rent penalty scale; this scale specifies the penalties (as a percentage of rent) that Defendant will be liable for in the event of default, from the 6th through

---
[1] The Lease Agreement was executed on February 1, 1989, and was subsequently amended on five separate occasions. (*See* ECF No. 1.) Each amendment ratified and affirmed the Lease Agreement in full. (*See Id.*)

2

the 21st day after rent is due. (*Id.*) [2] The Settlement Agreement does not mention the acceleration provision.

After the parties executed the Settlement Agreement, they exchanged numerous proposed drafts of the Addendum to the Lease Agreement. (*See* ECF Nos. 24, 26.) But the parties have been unable to agree on the final language of the Addendum, because they disagree about whether the Settlement Agreement eliminated the acceleration provision.

Defendant argues that the confession of judgment provision and the acceleration provision are "inextricably intertwined." (ECF No. 24 at 4.) Thus, Defendant contends that when the parties agreed to "eliminate the confession of judgment provision" pursuant to the Settlement Agreement, they also agreed to eliminate the acceleration provision. (*Id.*) Therefore, Defendant insists that the Addendum to the Lease Agreement should not contain the acceleration provision. (*Id.*)

Plaintiff disputes that it ever agreed or intended to eliminate the acceleration provision (ECF No. 26, at 3-4.) Plaintiff argues that the acceleration provision and the confession of judgement provision are separate remedies, and thus contends that the Settlement Agreement did not eliminate the acceleration remedy. Therefore, Plaintiff insists that the Addendum to the Lease Agreement should retain the acceleration provision.

---

[2] Specifically, the Settlement Agreement provides:

> "The rent penalty will be as follows: on the 6th day past due: 10% of monthly rent; the 11th day past due the penalty is 20% of the full monthly rent[;] and the 21st day past due the penalty is the amount of the full monthly rent. The penalty awarded will be deducted from the escrow amount of $185,000.00. If any amount is deducted from the escrow amount and upon notice, the tenant is obligated to replenish the escrow amount within 10 days of receiving notice."

3

Defendant filed a motion to enforce settlement agreement, along with a supporting brief, on March 2, 2017. (ECF Nos. 23, 24.) Plaintiff filed a brief in opposition to Defendant's motion on March 7, 2017. (ECF No. 26.)

## IV. Legal Standard

Courts encourage settlement agreements "because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). "A settlement agreement is a contract and is interpreted according to local law." *Wilcher v. City of Wilmington*, 139 F.3d 366, 372 (3d Cir. 1998).

An enforceable settlement agreement must possess all of the elements of a valid contract. *Mazzella v. Koken*, 739 A.2d 531, 535 (Pa.1999) (citations omitted); *Williams v. Metzler*, 132 F.3d 937, 946 (3d Cir. 1997). As with any contract, a settlement agreement requires that "'the minds of the parties [] meet upon all the terms' of the contract." *Kubiak v. Canon McMillan Sch. Dist.*, No. 16-3273, 2017 WL 2438204, at *4 (3d Cir. June 6, 2017) (citing *Mazzella*, 739 A.2d at 536). The court will enforce a settlement agreement if all of the material terms of the bargain are agreed upon. *Mazzella*, 739 A.2d at 537 (citing *Miller v. Clay Twp.*, 555 A.2d 972, 974 (Pa. Cmwlth. 1989). However, the court will set aside the agreement if there are "ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce." *Id.* When a court finds that an enforceable agreement has been formed, the court next must decide whether its terms are "sufficiently unambiguous to permit judicial interpretation of the contract... as a matter of law." *Behrend v. Comcast Corp.*, No. CIV.A. 03-6604, 2012 WL 4459582, at *6 (E.D. Pa. Sept. 25, 2012).

To prevail on a motion to enforce settlement, the moving party must satisfy the court that there are no disputed issues of material fact, and the court must treat all factual assertions in the light most favorable to the non-moving party. *Tiernan v. Devoe*, 923 F.2d 1024, 1031-32 (3d Cir. 1991), citing Fed. R. Civ. P. 56(c). "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing," *Tiernan*, 923 F.2d at 1031 (quoting *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984)) (emphasis in original).

If a court finds that a valid settlement agreement was executed, but that certain terms were not mutually assented to by the parties at the time of the execution of the agreement, the court may enforce the settlement agreement to the extent of the mutually-assented to terms, and exclude additional terms that the parties did not agree to. *See, e.g., Wilmington Fin., Inc. v. Imperial Mortg. Corp.*, No. CIV A 08-1292, 2008 WL 4155682, at *6 (E.D. Pa. Sept. 10, 2008) (finding that a settlement agreement had been reached and holding that "[t]o the extent the proposed settlement agreement contains other terms that were not discussed at the settlement conference, these terms are not part of the agreement reached at that time and are therefore not here being enforced."); *Corbesco, Inc. v. Local No. 542, Int'l Union of Operating Engineers*, 620 F. Supp. 1239, 1244 (D. Del. 1985) (finding that a settlement agreement had been reached but refusing to enforce specific terms of the proposed written settlement agreement that were not discussed by the parties).

V.   **Discussion**

   **a. Enforceability of the Settlement Agreement**

The Settlement Agreement reached by the parties is valid and enforceable. The Settlement Agreement manifests the parties' mutual desire to finalize an Addendum to the Lease Agreement. Specifically, the parties agreed to "enter into an Addendum" to the Lease Agreement, and that the

5

Addendum would address (1) "rent penalty" and (2) "ADR", and would (3) "eliminate the confession of judgment clause." (*See* ECF Nos. 24, 26.) Additionally, the parties agreed on a graduated rent penalty scale, and memorialized the specific terms of the rent penalty scale in the Settlement Agreement itself. (*See Id.*) It is not disputed that the Settlement Agreement was signed by both parties' attorneys and by the mediator. (*See Id.*) Clearly, the parties had a meeting of the minds on the above-mentioned terms, and intended to enter into a binding settlement agreement. Moreover, the terms mentioned above are sufficiently clear and unambiguous to permit the court to interpret the agreement. Therefore, the Settlement Agreement is valid and enforceable.

### b. Terms of the Settlement Agreement

Defendant has not satisfied the Court that the Settlement Agreement eliminated the acceleration of rent provision. The Settlement Agreement only mentions eliminating the confession of judgment provision—it does not address the acceleration of judgment provision. (*See* ECF Nos. 24, 26.) The Court notes that the Defendant presents no evidence—and does not even allege—that the parties explicitly discussed eliminating the acceleration clause prior to executing the Settlement Agreement.

Defendant asserts that the Settlement Agreement impliedly eliminated the acceleration provision because the acceleration and confession of judgment provisions are "inextricably intertwined." (*See* ECF No. 24.) Defendant further argues that the parties intended to eliminate the acceleration clause because it is inconsistent with the graduated rent penalty provision specified in the Settlement Agreement; the acceleration provision allows for Plaintiff to accelerate rent within fifteen (15) days of the Defendant receiving notice that rent was past due, while the graduated rent penalty provides that, after the 21st day that the rent is overdue, the Defendant will be liable for the full monthly rent. (*Id.*)

6

By contrast, Plaintiff asserts that it never intended nor agreed to eliminate the acceleration of rent provision. (*See* ECF No. 26.) Plaintiff claims that from the first draft of the Addendum, prepared by Plaintiff three days after the parties executed the Settlement Agreement, Plaintiff retained the acceleration provision, consistent with its understanding of what the parties had agreed to in the Settlement Agreement. (*Id.*) Plaintiff further states that it agreed to refrain from accelerating rent until after the period provided by for the graduated rent penalty to address Defendant's concerns that the remedies were inconsistent. (*Id*)

The Court notes that the acceleration of rent provision and the confession of judgment provision do not appear to be "inextricably intertwined" from a plain reading of the Lease Agreement. Contrary to Defendant's contention, the fact that the provisions appear in the same sentence of the Lease Agreement does not make them inherently intertwined, particularly because the provisions are separated by a semi-colon. More importantly, the two provisions provide for separate remedies. The acceleration of rent provision provides that, upon default by Defendant, Plaintiff may "declare all the rent reserved for the full term of this Lease remaining due and payable at once." (ECF No. 1, exhibit 3.) The confession of judgment provision, by contrast, allows the Plaintiff to "empower any attorney… to appear for it and waive the issuance of service of process and confess a judgment against it for the whole or any part of said rent…". (*Id.*) While the acceleration remedy and the confession of judgment remedy certainly could be used together in the event of default by the Defendant, there is no requirement that they be used in conjunction.

Taking the evidence in the light most favorable to the Plaintiff, there is insufficient evidence for this Court to conclude that the parties had a meeting of the minds concerning whether or not the Settlement Agreement would eliminate the acceleration provision. In sum, it appears that the parties did not discuss the acceleration of rent provision at the mediation and the

7

acceleration of rent provision is a distinct remedy from confession of judgment. Therefore, the Settlement Agreement did not eliminate the acceleration provision.

## VI. Conclusion

For the reasons set forth above, the Court finds that the parties entered into a valid and enforceable Settlement Agreement, which eliminated the confession of judgment provision but did not eliminate the acceleration of rent provision. The Court therefore finds that Defendant's motion to enforce the settlement reached on November 1, 2016, will be granted in part and denied in part.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KRISTEL, INC., | ) | CIVIL ACTION NO. 3:16-CV-181 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| CENVEO CORPORATION, | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 18th day of August, 2017, upon consideration of Defendant's motion to enforce settlement (ECF No. 23), it is **HEREBY ORDERED** that the motion is **GRANTED in part and DENIED in part.** Specifically, the Court finds that the parties entered into a valid Settlement Agreement on November 1, 2016. This Court will enforce the Settlement Agreement, and hereby orders the parties to finalize an Addendum to the Lease Agreement, pursuant to the Settlement Agreement. The Addendum shall not eliminate the acceleration of rent provision, which shall remain in the Lease Agreement. The confession of judgment provision shall be eliminated, pursuant to the Settlement Agreement.

The Addendum shall also address the other terms and provisions outlined in the Settlement Agreement, such as ADR and rent penalty. The Addendum shall state that Plaintiff may not accelerate the rent until after the period specified by the graduated rent penalty scale.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE